UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

BRENDA KAY HILTZMAN, )
        Plaintiff )   CIVIL ACTION NO. 301CV2348AWT
)
v. )
)   U.S. DISTRICT COURT
)   HARTFORD, CT.
GENE ROSENBERG ASSOCIATES, )
        Defendant. )

2004 APR 12  P 1:47

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR CLARIFICATION, RECONSIDERATION AND/OR MODIFICATION OF ORDER DATED MARCH 31, 2004

The Defendant Gene Rosenberg Associates ("GRA") hereby submits this memorandum in support of its motion to clarify, reconsider and/or modify part of its order dated March 31, 2004 ("Order"). See Order, attached hereto as Exhibit "A". In support thereof, the Defendant states the following:

This Court's Order permitted the Plaintiff to amend her complaint to change the name of the defendant to the Gene Rosenberg Associates partnership. However, the Court also added, "the defendant shall, within ten days, file with the court a notice setting forth a definitive statement of the structure of each entity affiliated with Mr. Gene Rosenberg." GRA seeks clarification regarding this latter part of the Order.

The Plaintiff's allegations in this case are that she experienced sexual harassment in her employment. The Plaintiff, however, was never an employee of Gene Rosenberg individually, of the Gene Rosenberg Associates corporation or of the Gene

Rosenberg Associates partnership. Moreover, although the Plaintiff was, at most, an independent contractor, she does not contend that any other entity aside from the named-defendant(s) (either past or current) was or is connected to her allegations.

Mr. Rosenberg is affiliated with several different entities. Aside from those entities which have been identified in this matter previously, such entities are not even remotely connected with these proceedings or to Ms. Hiltzman's allegations. Information regarding these other entities is entirely irrelevant.

WHEREFORE, the Defendant respectfully requests that this Court clarify, reconsider and/or modify that part of its Order, dated March 31, 2004, that requires Mr. Rosenberg to disclose the name and nature of every entity with which he is connected.

THE DEFENDANT
GENE ROSENBERG ASSOCIATES

BY: _____
THOMAS A. KENEFICK, III, ESQ.
73 Chestnut Street
Springfield, MA 01103
(413) 734-7000 - telephone
(413) 731-1302 - facsimile
BBO #267620

Date: April ___, 2004.

Certificate of Service

I, Thomas A. Kenefick, III, do hereby certify that on April 8, 2004, the foregoing was served on the Plaintiff by U.S. First Class Mail, postage pre-paid, to:

Noel R. Newman, Esq.
Friedman, Newman, Levy, Sheehan & Carolan, P.C.
One Eliot Place
Fairfield, CT 06430

_____
THOMAS A. KENEFICK, III

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------x
BRENDA KAY HILTZMAN,                :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :   Civ. No. 3:01CV02348(AWT)
                                    :
GENE ROSENBERG ASSOCIATES,          :
                                    :
        Defendant.                  :
------------------------------------x

### ENDORSEMENT ORDER

The plaintiff's Motion for Permission to Amend Complaint (Doc. No 32) is hereby GRANTED, over objection. The plaintiff shall file her amended complaint forthwith.

For the reasons stated by the plaintiff at pages 1-2 of her supporting memorandum (see Doc. No. 33), the plaintiff was justifiably mistaken in her belief that the Gene Rosenberg Associates she should bring suit against was the corporate entity, as opposed to the partnership. In addition, as the court noted in the Endorsement Order dated March 28, 2003, the information provided by Mr. Gene Rosenberg about the ownership and management structure of the entities with which he is affiliated has been less than complete. If Mr. Gene Rosenberg himself cannot be certain about the name and structure of the entities, it would be unfair to penalize the plaintiff because she has not been able to ascertain that information from the person who should know it best. (See, e.g., Dep. of Gene Rosenberg at 7-8.)

The defendant shall, within ten days, file with the court a notice setting forth a definitive statement of the structure of each entity affiliated with Mr. Gene Rosenberg.

It is so ordered.

Dated this 31st of March 2004 at Hartford, Connecticut.

                                    Alvin W. Thompson
                          United States District Judge