UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA KAY HILTZMAN, | ) | |
| Plaintiff | ) | CIVIL ACTION NO. 301CV2348AWT |
| | ) | |
| v. | ) | |
| | ) | |
| GENE ROSENBERG ASSOCIATES, | ) | |
| Defendant | ) | |

ANSWER TO AMENDED COMPLAINT

The Defendant GENE ROSENBERG ASSOCIATES ("GRA") answers the Amended

Complaint of the Plaintiff BRENDA KAY HILTZMAN as follows:

1.     Denies the truth of the allegations contained in Paragraph 1 of the Amended Complaint,

except admits that GRA's principal place of business is at 75 Kitts Lane, Newington,

Connecticut, 06111 and that it engages in the consulting business.

2.     The statements contained in Paragraph 2 of the Amended Complaint are conclusions of

law and not allegations of fact, to which no response is required.  To the extent any

response is required, GRA denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3.     Denies the truth of the allegations contained in Paragraph 3 of the Amended Complaint,

except admits that GRA's principal place of business is located in Connecticut.

4.      Admits that a liquidation sale took place in Mentor, Ohio, commencing on or about

November 1, 1999 and ending on or about March 31, 2000, and denies knowledge or

information sufficient to form a belief as to the truth of the allegations concerning

Hiltzman's residence.

5.      In response to Paragraph 5 of the Amended Complaint, GRA admits that Hiltzman is a

woman, and respectfully refers all issues of law to this Court.

6.      The statements contained in Paragraph 6 of the Amended Complaint are conclusions of

law and not allegations of fact, to which no response is required.  To the extent any

response is required, GRA denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Denies the truth of the allegations contained in Paragraph 7 of the Amended Complaint,

and respectfully refers all issues of law to this Court.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 8 of the Amended Complaint, except admits that what purports to be a copy of a filing to the Equal Opportunity Commission and the Connecticut Commission for Human Rights and Opportunities is attached as Exhibit A, and respectfully refers this Court to the full text of Exhibit A for its terms and meanings.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint, except admits that what purports to be a copy of a Notice of Right to Sue from the Equal Opportunity Commission is attached as Exhibit B, and respectfully refers this Court to the full text of Exhibit B for its terms and meanings.

10.     Denies the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11.     Denies the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Denies the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Denies the truth of the allegations contained in Paragraph 13 of the Amended Complaint,

except admits that Hiltzman was hired as an independent contractor at the sale.

14.    Admits the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15.    Denies the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.    Denies the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17.    Denies the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18.    Denies the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19.    Denies the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.    Denies the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.    Denies the truth of the allegations contained in the first, second and third sentences of Paragraph 21 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Amended Complaint.

4

22.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the first sentence in Paragraph 22 of the Amended Complaint, and

denies the truth of the remaining allegations in Paragraph 22 of the Amended Complaint.

23.     Denies the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 24 of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 25 of the Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 26 of the Amended Complaint.

27.     Denies the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Denies the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

29.    Denies the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30.    Denies the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.    Denies the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.    Denies the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.    Denies the truth of the allegations contained in Paragraph 33 of the Amended Complaint.

34.    Denies the truth of the allegations contained in Paragraph 34 of the Amended Complaint, except admits that Hiltzman was insubordinate to Mr. Roy and Mr. Roy terminated Hiltzman's contract on such grounds.

35.    Denies the truth of the allegations contained in the first, second and third sentences of Paragraph 35 of the Amended Complaint, except admits that Hiltzman screamed "what?" and that Mr. Roy told Hiltzman to leave the store, and except as so admitted and denied above, denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 35 of the Amended Complaint.

36.     Denies the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 37 of the Amended Complaint, and denies the truth of the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38.     Denies the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.     The statements contained in Paragraph 39 of the Amended Complaint are conclusions of law and not allegations of fact, to which no response is required.  To the extent any response is required, GRA denies the truth of the allegations contained in Paragraph 39 of the Amended Complaint, and respectfully refers all issues of law to this Court.

40.     Denies the truth of the allegations contained in the last sentence of Paragraph 40 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Amended

Complaint, and respectfully refers all issues of law to this Court.

41.   Denies the truth of the allegations contained in the first, second and fourth sentences of Paragraph 41 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42.   Denies the truth of the allegations contained in Paragraph 42 of the Amended Complaint, and respectfully refers all issues of law to this Court.

43.   Denies the truth of the allegations contained in Paragraph 43 of the Amended Complaint to the extent that Hiltzman alleges that she complained to managerial employees and/or agents of Gene Rosenberg Associates, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Amended Complaint.

44.   Denies the truth of the allegations contained in Paragraph 44 of the Amended Complaint, and respectfully refers all issues of law to this Court.

45.    Denies the truth of the allegations contained in Paragraph 45 of the Amended Complaint, and respectfully refers all issues of law to this Court.

46.    Denies the truth of the allegations contained in Paragraph 46 of the Amended Complaint, and respectfully refers all issues of law to this Court.

47.    Denies the truth of the allegations contained in Paragraph 47 of the Amended Complaint, and respectfully refers all issues of law to this Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48.    The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49.    Hiltzman is estopped from seeking the relief set forth in the Amended Complaint by reason of her own misconduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50.    Hiltzman has failed to name the proper party in her lawsuit, as Hiltzman never entered

9

into a contract with Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51.    Defendant is not governed by the provisions of Title VII of the Civil Rights Act of 1964,

as Defendant has never had any employees.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52.    The actions of Defendant are not the proximate cause of any damages allegedly suffered

by Hiltzman.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53.    The actions of Defendant exercised reasonable care to prevent and correct promptly any

sexually harassing behavior or hostile work environment, and/or Hiltzman unreasonably

failed to take advantage of any preventive or corrective opportunities provided by the

employer or to avoid harm otherwise.

**WHEREFORE**, Defendant GENE ROSENBERG ASSOCIATES respectfully demands

that judgment be entered against BRENDA KAY HILTZMAN, as follows: (i) dismissing the

Amended Complaint, with prejudice, in its entirety; and (ii) for such other and further relief as

this Court deems just and proper, including all reasonable attorneys' fees incurred by GENE

ROSENBERG ASSOCIATES in this action.

Dated: Springfield, Massachusetts  THE DEFENDANT
       April 28, 2004.  GENE ROSENBERG ASSOCIATES


BY: _____

      THOMAS A. KENEFICK, III
      73 Chestnut Street
      Springfield, MA 01103
      CT. BAR NO. 01749
      (413) 734-7000 - telephone
      (413) 731-1302 - facsimile


<u>Certificate of Service</u>

    I, Thomas A. Kenefick, III, do hereby certify that on April 28, 2004, the foregoing was served on the Plaintiff by U.S. First Class Mail, postage pre-paid, to:

Noel R. Newman, Esq.
Friedman, Newman, Levy, Sheehan & Carolan, P.C.
One Eliot Place
Fairfield, CT 06430
(203) 259-2996 - Fax

              THOMAS A. KENEFICK, III

11